# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TOMMY LEE KLEINER,

    Plaintiff,

    v.                                                     CASE NO. 18-3127-SAC

JOE RUCKER, and BRIAN COLE,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.) Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff alleges that while he was incarcerated at the Shawnee County Detention Center ("SCDC"), the facility instituted multiple lockdowns due to staff shortages. Plaintiff alleges that although they claim it is a "facility lockdown," certain modules remain open. Plaintiff alleges if one module is short on staff it will be on lockdown while the other modules remain open. Plaintiff alleges that during the lockdowns inmates are unable to shower or receive clean clothing. Plaintiff attaches a chart showing the amount of time the facility was in "lockdown" from April 1, 2018 through May 4, 2018. (Doc. 1–1, at 16–17.) The chart shows daily lockdown times ranging from none to six hours and fifteen minutes. The chart also shows that the facility was on lockdown from April 25, 2018, at 8 p.m. until May 4, 2018 at 4:45 p.m. for 23 hours each day. Plaintiff alleges from April 26, 2018, to May 4, 2018, he did not receive clean clothing due to the lockdowns because laundry cannot send up new clothing.

Plaintiff names as Defendants: Joe Rucker, Captain at SCDC; and Brian W. Cole, Director at SCDC. Plaintiff's request for relief includes entitlement to "dayroom time, clean

1

linens-clothes at least once a week . . . showers at least every other day," and $150,000 for pain and suffering.

On August 24, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), ordering Plaintiff to show cause by September 24, 2018, why this case should not be dismissed due to the deficiencies discussed in the MOSC. In the MOSC, the Court notes that: Plaintiff fails to allege facts showing he was "incarcerated under conditions posing a substantial risk of serious harm"; Plaintiff alleges no facts showing that Defendants "both knew of and disregarded an excessive risk to [his] health or safety" related to the lockdowns; to the extent Plaintiff seeks injunctive relief, his claims are moot and should be dismissed under 28 U.S.C. § 1915A(b) because Plaintiff cannot state a plausible claim for relief; and Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court finds that Plaintiff fails to state a claim for relief as set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 2nd day of October, 2018.**

                                            <u>s/ Sam A. Crow</u>
                                            SAM A. CROW
                                            U. S. Senior District Judge